No.——

First Circuit

———

PIGOTT  v.  RAYMOND  CONCRETE
PILE  CO.

———

(February 15, 1928. Opinion and Decree.)
(April 11, 1928. Rehearing .Refused.)
(June 4, 1928. Writs of Certiorari and
Review denied by Supreme Court.)

———

(*Syllabus by the Editor*)

1.  **Louisiana Digest—Appeal—Par. 320, 516,**
Where the appellee has not taken the legal
steps required by Act 112 of 1916, Secs.
3 and 9, in the trial court, an insuffi-
ciency of bond alleged is not good
ground for the dismissal of the appeal
in the appellate court.

2.  **Louisiana Digest—Master and Servant
—Par. 158.**
Where the evidence clearly shows that
out-riggers were to be used as an ade-
quate guard against accident and were
provided for the deceased employee
who deliberately failed or refused to
use them, the accident was not inci- ·
dental to or growing out of deceased's
employment and his widow cannot re-
cover compensation under the Work-
men's Compensation, Act No. 20 of
1914, as amended.

Appeal from the District Court, Parish
of St. Tammany. Hon. P. B. Carter, Judge.

Action by Mrs. Antoinette V. Pigott
against Raymond Concrete Pile Co.

There was judgment for plaintiff and
defendant appealed.

Judgment reversed.

Robert S. Ellis, of Amite, and M. C.
Rownd, of Springfield, attorneys for plain-
tiff, appellee.

Edward Rightor and Eugie V. Parham,
of New Orleans, attorneys for defendant,
appellant.

ELLIOTT, J. R. Z. Pigott, husband of
the plaintiff and father of her minor child,
was employed by Raymond Concrete Pile
Company as engineer, for the purpose of
operating a hoisting machine. The ma-
chine was located on a flat car and was
operated by steam power. It was being
used at the time in question to unload
sand and gravel from cars, and to place
the material at some other place desired
by the operator. The sand and gravel in
the car which was being unloaded, was
caught up by a bucket at the end of a
seventy-foot boom attached to the machine.
When the bucket was full of sand or
gravel, it together with the sand or gravel,
weighed eight or nine thousand pounds.
This weight at the end of the seventy-foot
boom exerted a powerful pulling force on
the machine. To counteract it, out-riggers
were placed on each side of the machine
to prevent its being turned over by the
lift.

The plaintiff's petition alleges that said
unloading was hazardous, incidental to,
and growing out of her husband's employ-
ment, and that he lost his life in the
discharge of his duty.

The plaintiff claims compensation at the
rate of $20.00 per week for 300 weeks.

There is no dispute about the employ-
ment, the work, nor the wages, nor as to
how her husband lost his life.

The machine while being operated by
her husband on April 1, 1927, turned over,
fell on him and crushed him to death.
Defendant urges that his death and plain-
tiff's loss is not compensable for the rea-
son that the out-riggers were to be used
as an adequate guard against the accident
that happened, and were provided for him

to be used, and that he deliberately failed to use them. That the death of her husband was due to his intoxication at the time of the accident.

There was judgment in favor of the plaintiff for the compensation prayed for. The defendant appealed.

Plaintiff moved in this Court to dismiss the appeal on the ground that the appeal bond was not sufficient in amount.

As the appellee has not taken the legal steps required by Act 112 of 1916, Secs. 3 and 9, the insufficiency alleged is not good ground for the dismissal of the appeal. Durel vs. Buchanan, 147 La. 804, 86 So. 189.

The evidence shows that the deceased was drinking on the morning that he was killed. He was seen to take three drinks just previous to the accident, and a bottle said to have contained whiskey was found at the place soon afterwards. The evidence on the subject, however, is not sufficient to establish that deceased was intoxicated at the time. Nevertheless, it is not easy to understand his conduct in operating the machine on which he was working with a seventy-foot boom, without riggers, unless he was under the influence of intoxicating liquor.

The plaintiff contends that the machine overturned as the result of the breaking of a king pin by which it was held down to the flat car on which it was located.

A witness, former employee of defendant, who had worked with, and was familiar with the machine, testified, in his opinion, the accident was caused in that way. But, according to the overwhelming preponderance of witnesses and evidence on the subject, all employees of defendant, but who testify straight-forwardly and seemingly without being influenced, the machine overturned because the out-riggers with which it was equipped had not been set in position. The evidence shows that it was necessary to use them in order to prevent just what happened, when unloading sand and gravel with a bucket of the size that was being used with a seventy-foot boom. These out-riggers were part of the machine. They were there at the time and should have been placed in position by plaintiff's husband, who, as engineer, was in charge of the work he was doing.

A witness testified that the engineer's helpers should have set out the riggers of their own accord, and without being told to do so by the engineers, but the overwhelming preponderance of the evidence is to the effect that it was the duty of the engineer to see that these out-riggers were in place when it was necessary to use them in operating the machine.

One of the helpers, seeing that the out-riggers should have been set, called to plaintiff's husband, and asked him to let him place them in position, but he declined to do so, stating that they were not necessary. This helper then forthwith sent a messenger to a higher foreman to notify him that the machine was being operated without riggers; the messenger went and reported the fact, but before the foreman could reach the place, the machine had turned over, crushing plaintiff's husband to death under it.

The burden of proof to show that it is not liable is on the defendant. It seems to us to have been carried with sufficient certainty, and that under the law on the subject, the plaintiff cannot recover.

The judgment appealed from, is, in our opinion, erroneous, and it must therefore

be reversed and set aside and plaintiff's demand rejected at her cost.

The judgment appealed from herein, is, for said reason annulled, avoided and set aside, and plaintiff's demand is now rejected at her cost in both courts.