167 So. 454
Succession of LEVINS.
No. 33845.

March 30, 1936.

Richard A. Dowling, of New Orleans, for relatrix Mary Kelly.

Guy J. D'Antonio, of New Orleans, for respondent J. C. Nichel.

Daly & Hamlin, of New Orleans, for respondents Ella D. Selph and L. L. Morris.

Clarence Dowling, of New Orleans, for respondent Mrs. S. Harby Marks.

ROGERS, Justice.

Joseph J. Levins died in the city of New Orleans on October 21, 1935, leaving a last will and testament in olographic form. On the application of Mrs. John C. Nichel, who was named as executrix, the will was duly proved and ordered registered and executed. Mrs. Nichel qualified as executrix and obtained an order for an inventory and appraisement of the decedent's estate. The inventory was taken and the appraisement was made showing that the estate consisted entirely of money, bonds, and jewelry contained in two bank boxes, one in the Whitney National Bank and the other in the American Bank & Trust Company, of the total appraised value of $28,796.37.

On November 12, 1935, the testamentary executrix obtained an order of court authorizing her to sell at private sale a number of the bonds left by the decedent for the purpose of paying the debts of the estate, the inheritance taxes, and the legacies. Three days later, namely, on November 15, 1935, Mrs. Mary Kelly, alleging that she was a cousin and the legal heir of the decedent, filed a petition in the succession proceedings praying that the will be annulled, on the ground that it was not written, dated, and signed in the handwriting of the decedent. The petitioner

prayed that she be recognized as the sole heir of the decedent, and, as such, entitled to all the property left by him as described in the inventory. Alleging irreparable injury, the petition also asked that the executrix be enjoined from selling the bonds and from distributing the assets of·the succession pending the further orders of the court. A rule nisi issued, ordering the executrix to show cause why the injunction prayed for should not be granted. On the trial of the rule, a number of affidavits were submitted for the purpose of showing that the will was entirely written, dated, and signed by the testator. The trial resulted in the recalling of the rule and the refusal of the trial judge to issue the injunction. Mrs. Kelly then applied to this court for writs of certiorari, mandamus, and prohibition. Certiorari was granted and a rule nisi was issued directing the trial judge, executrix, and legatees to show cause why the relief sought by the relatrix should not be granted.

The return of the respondent judge is, substantially, that he refused relatrix an injunction, because, in his opinion, the will is entirely written, dated, and signed by the testator and is, therefore, a valid instrument. The joint return of the other respondents maintains that relatrix is not entitled to injunctive relief, because the will is valid, and that the trial judge so found.

■ The trial judge may be, and probably is, correct in his view that the will of the decedent is a valid instrument; but that is a question which can be finally determined only on the trial of the merits.

Since the adoption of Act No. 29 of 1924, a preliminary injunction will not be issued until a hearing is had on a rule nisi. The rule nisi in this case was issued at the instance of the relatrix as an incident to her suit for the annulment of the will. Her purpose in resorting to the rule was to obtain injunctive relief against the ex parte order of sale obtained by the executrix pending a decision on her main demand. The order itself was a mere interlocutory decree, which the court might ex proprio motu have rescinded. Such an order can be summarily vacated, while a testament may be annulled only by an ordinary proceeding terminating in a definitive judgment. And nothing is commoner in actions of nullity than the conservatory process of injunction, and in no case is it more appropriate. It preserves matters in statu quo, pending the decision of the issue, and prevents the rights of interested parties from being sacrificed.

Obviously, if the facts alleged and relied on by the relatrix for the annulment of the decedent's will be substantiated by the evidence offered on the trial of that issue, relatrix is entitled to an injunction to preserve the property of the succession pending the decision of the issue. A failure to grant relatrix injunctive relief would necessarily be followed by a sale of the assets of the succession, transfers of title, and changes of possession which could not fail to work irreparable injury.

■ In Ouachita National Bank v. Shell Beach Construction Co., 154 La. 709, 98 So. 160, and in Hofman-Olsen, Inc., v. Northern Lumber Mfg. Co., 160 La. 839,

107 So. 593, we recognized that a devolutive appeal (or even a suspensive one) from an order refusing a preliminary injunction, although allowed by law, was neither an adequate nor an appropriate remedy to obtain the relief sought; and we pointed out that the only effective relief to be obtained in such cases was by application to this court under its general supervisory jurisdiction. First Nat. Bank v. Hebert, 163 La. 378, 111 So. 792. See, also, to the same effect, In re Wachsen, 162 La. 823, 111 So. 177.

For the reasons assigned, the rule nisi issued herein is made absolute, and it is now ordered that upon bond to be fixed by him the respondent judge issue a preliminary injunction as prayed for by the relatrix.

O'NIELL, C. J., absent.