20 So.2d 365

**TERRY et al. v. WOMACK et al.**

No. 37654.

Dec. 11, 1944.

Ponder & Ponder, of Amite, for relators.

S. S. Reid, of Amite, for opponents.

FOURNET, Justice.

In this sequel to the case of Womack et al. v. Varnado, 204 La. 1019, 16 So.2d 825, the defendant, Varnado, joined by six of the plaintiffs in the former suit, is seeking to enjoin the enforcement, because it was secured through fraud, of the judgment ordering that his place of business, known as Uncle Bud's Cabin, be closed for a period of one year from the date it was rendered, and prohibiting its use for any purpose whatsoever during that period; in the alternative, that the judgment is unenforceable because the period prescribed therein during which the establishment was to be closed has expired. And, in any event, that since the only nuisance sought to be abated in the judgment was gambling, it cannot in any way affect the operation of Varnado's legally licensed saloon and night club.

When the trial judge dismissed their suit on the trial of exceptions of res adjudicata and of no right and no cause of action, filed in response to the rule to show cause why a preliminary injunction should not issue enjoining the enforcement of the judgment pending a determination of the issues raised on the merits, the relators applied to and were granted by this court a writ of certiorari in order that the validity of the proceedings might be ascertained, and, to that end, the trial judge was ordered to transmit the entire record to this court and to show cause why the relief sought should not be granted. Pending a determination of the matter, a stay order was issued.

No answer has been made to this rule by the judge, the sheriff, or any of the other respondents. However, the attorney representing them does state in his brief that we improvidently granted temporary writs in this case with a stay order because all of the matters presented in the petition of the relators were adjudicated upon in our judgment of November 8, 1943, and are now final; also, that the alternative

contention of the relators is equally without merit because the judgment of the district court dated July 9, 1943, did not become executory until July 17, 1944, for during that interim the case was on appeal in this court and in the Supreme Court of the United States.

■ Of course the trial judge was without right to dismiss the suit of the relators on the merits on the trial of the rule for a preliminary injunction, for the only question presented for his decision on the trial of that rule was whether or not such an injunction should be granted. Section 2 of Act No. 29 of 1924; Agricultural Supply Co., Inc. v. Livigne, 177 La. 15, 147 So. 365; Succession of Levins, 184 La. 825, 167 So. 454.

■ Unquestionably the judgment of July 9, 1943, under the express provisions of Article 565 of the Code of Practice, was a final judgment of the district court from which a suspensive appeal was prosecuted. This appeal had the effect of staying the execution of the judgment and all further proceedings until a *definitive* judgment was rendered by this court (Article 575), and this stay was further extended by our order pending Varnado's application to the Supreme Court of the United States for writs. But "A *definitive* judgment may be annulled in all cases where it appears that it has been obtained through fraud, or other ill practices on the part of the party in whose favor it was rendered * * *" (Article 607), the only limitation placed on such a suit being that it "be brought within the year after the fraud has been discovered." Article 613. As was very

aptly pointed out in the recent decision of this court in the case of Couret v. Couret, 206 La. 85, 18 So.2d 661, 662, " * * * in a suit to annul a judgment, it would be begging the question to allow the judgment sought to be annulled to have the effect of res adjudicata, or to let it serve as the basis for a plea of estoppel," or of no cause and no right of action. (Italics ours.)

■ Counsel for the respondents is in error in his contention that the issues raised in this case were adjudicated upon in the former proceeding. It is true that when the case was pending on appeal in this court the relators sought to have the appeal dismissed on the ground that they were not apprised of the purport or the purpose of the petition, their signatures thereto having been secured under the belief that the petition was for the suppression of *all* gambling in Tangipahoa Parish and not with the knowledge that it was the intention of the instigators of the petition to single out and close Varnado's place of business. But our refusal to dismiss the appeal was pitched on the ground that "No withdrawal or dismissal of an appeal will be allowed, after jurisdiction of the appellate court has attached, unless consent to do so is given by all of the interested appellees." The issue raised in the instant proceeding—that the judgment is null because of fraud—was neither at issue nor adjudicated upon in the former proceeding in either the lower court or on appeal here. In fact, the judgment's nullity could not have been demanded on appeal on this ground unless the fraud had been "apparent on the face of the records." Article 609

of the Code of Practice. The trial judge, therefore, improperly maintained the plea of res adjudicata filed by the respondents.

■■ It is elementary that for the purposes of disposing of exceptions of no cause and no right of action all of the allegations of the petition must be accepted as true. Consequently, when the relators alleged in their petition that the judgment sought to be enforced was obtained through fraud and ill practices, in that their signatures to the petition forming the basis of such judgment were secured through misrepresentations, it having been stated to them that the purpose of the petition was to close *all* gambling in Tangipahoa Parish; that they never intended to nor authorized anyone in their behalf to institute the proceedings against Varnado and, in fact, did not even know such a suit had been instituted until after the case had been lodged in this court on appeal, at which time they promptly notified the counsel appearing to represent them to remove their names from the petition and to dismiss the appeal in so far as they were concerned; and that without their signatures affixed to the petition there would be less than the 10 taxpayers required by Act No. 192 of 1920, as amended by Act No. 120 of 1940, as the basis for such action (Cristina v. O'Dwyer, 203 La. 103, 13 So. 2d 481), they stated a cause of action and the trial judge was also in error when he maintained the exception of no cause of action filed by the respondents.

■ Counsel for the relators contend that inasmuch as we have this case before us for review on a writ of certiorari we should consider and decide all of the issues raised the same as if the case were here on appeal and that under the holding of this court in the case of Succession of Levins, 184 La. 825, 167 So. 454, 455, the relators are entitled to a preliminary injunction, and he asks that this court "perpetuate the writ of mandamus ordering and compelling the District Judge to grant a writ of preliminary injunction and reinstate the cause of action."

In the Levins case, the plaintiff, alleging herself to be the legal heir of the deceased —a cousin—sought to have the will annulled and, pending a hearing thereon, to enjoin the testamentary executrix from selling the bonds or otherwise disposing of the property of the succession. When the rule nisi ordering the executrix to show cause why an injunction should not issue was tried, the trial judge refused the application of the relatrix, assigning as his reason therefor that the will, having been entirely written, dated, and signed by the testator, was a valid instrument. In reversing this ruling of the trial judge, we said:

"The trial judge may be, and probably is, correct in his view that the will of the decedent is a valid instrument; but that is a question which can be finally determined only on the trial of the merits. Since the adoption of Act No. 29 of 1924, a preliminary injunction will not be issued until a hearing is had on a rule nisi. The rule nisi in this case was issued at the instance of the relatrix as an incident to her suit for the annulment of the will. Her purpose in resorting to the rule was to ob-

tain injunctive relief against the ex parte order of sale obtained by the executrix pending a decision on her main demand. The order itself was a mere interlocutory decree, which the court might ex proprio motu have rescinded. Such an order can be summarily vacated, while a testament may be annulled only by an ordinary proceeding terminating in a definitive judgment. And nothing is commoner in actions of nullity than the conservatory process of injunction, and in no case is it more appropriate. It preserves matters in statu quo, pending the decision of the issue, and prevents the rights of interested parties from being sacrificed.

"Obviously, if the facts alleged and relied on by the relatrix for the annulment of the decedent's will be substantiated by the evidence offered on the trial of that issue, relatrix is entitled to an injunction to preserve the property of the succession pending the decision of the issue. A failure to grant relatrix injunctive relief would necessarily be followed by a sale of the assets of the succession, transfers of title, and changes of possession which could not fail to work irreparable injury."

In the instant case, unlike the Levins case, the rule nisi was tried and decided by the trial judge on exceptions only. Consequently, the case is not apposite. See our per curiam in the very recent case of City of Gretna v. Aetna Life Insurance Company and the St. Paul Fire & Marine Insurance Co., 20 So.2d 1.

For the reasons assigned, the judgment appealed from is set aside, the exceptions of res adjudicata and of no cause of action are overruled, and the case is remanded to the lower court for further proceedings consistent with the views herein expressed. All costs of the proceedings in this court are to be borne by the respondents; all other costs are to await the final determination of the case.

O'NIELL, C. J., concurs in the decree.

PONDER, J. recused.