62 So.2d 824

SPEED v. PAGE et al.

No. 40919.

Nov. 10, 1952.

Rehearing Denied Dec. 15, 1952.

Dale, Richardson & Dale, Vidalia, for defendant-appellant and applicant.

Warren Hunt and John C. Morris, Jr., Rayville, Gist, Thornton & Murchison, Alexandria, for defendants and respondents.

FOURNET, Chief Justice.

The plaintiff, David L. Speed, alleging that he was totally and permanently disabled in September, 1950, as the result of a brain injury sustained when he fell from a 23 foot scaffold while employed as a laborer to assist in the work of demolishing and reconstructing the Arcade Theater in Ferriday, Louisiana, as the joint employee of defendant William W. Page, the owner and operator of the theater, and defendant Mike

S. Ohlsen, a contractor engaged by Page to join with him in the reconstruction, sought judgment in solido against the defendants and their respective insurers in the sum of $12,000, payable at the rate of $30 per week for a period of 400 weeks, together with medical expenses and interest on each past due installment; in the alternative, and in the event the court should find that plaintiff was not the joint employee of defendants Page and Ohlsen, then he prayed for judgment against Ohlsen and his insurer, in solido, under the doctrine of borrowed employee.

Page and his insurer, the Preferred Accident Insurance Company of New York, excepted to the petition on the ground that it disclosed no right or cause of action against them. This was subsequently overruled, but meanwhile the Preferred Accident Insurance Company of New York had been placed in liquidation by the courts of that State, and upon petition of the Secretary of State of Louisiana judgment had issued from the 19th Judicial District Court, Parish of East Baton Rouge, appointing an Ancillary Receiver to conserve and liquidate the company's affairs and granting a preliminary injunction prohibiting the further prosecution of any suit against the company.

In his answer Page admitted that his business of operating a motion picture theater is hazardous; he also admitted that the plaintiff was engaged in the type of work alleged, and that he sustained a fall

with resultant injury; but took the position that plaintiff was the employee of Ohlsen, under the latter's direction and control, and not Page's employee. Defendant Page denied ever being in the business of demolition or construction work, and also denied that the plaintiff had to come in contact with the hazardous features of his own business since the motion picture theater was not in operation during plaintiff's employment on the premises.

The answer of Ohlsen and his insurer, the American Surety Company of New York, denied that plaintiff was Ohlsen's employee, asserting that he was employed by, was paid by, and was working for Page, under the latter's direction and control through his agent, the manager of the theater, Alva Stewart.

■ The trial judge found as a fact that the plaintiff was the employee of Page and not of Ohlsen, and rendered judgment for the plaintiff and against Page, as prayed. The suit against Ohlsen and his insurer was dismissed; that against the Preferred Accident Insurance Company of New York was dismissed as of nonsuit. Upon appeals prosecuted by both the plaintiff and the defendant, the Court of Appeal, Second Circuit, affirmed the judgment of the lower court. See 59 So.2d 138. We granted writs upon the application of Page; and inasmuch as the plaintiff has not applied for writs here, the portion of the judgment dismissing his suit against Ohlsen and his insurer, the American Surety Company of New York, is final. D. H. Holmes Co. v. Morris, 188 La. 431, 177 So. 417, 114 A.L. R. 905, and cases therein cited; Washington v. Holmes & Barnes, 200 La. 787, 9 So. 2d 35; Terry v. Womack, 206 La. 1069, 20 So.2d 365.

■ This leaves for our consideration the sole question of whether the Court of Appeal correctly rendered judgment in favor of the plaintiff against Page. That Court, in sustaining the ruling of the lower court that plaintiff was not in the employ of Ohlsen but of Page, found in effect that Page was the owner and operator, among other similar ventures, of the Arcade Theater in Ferriday, Louisiana; that after the Ferriday building was seriously damaged by fire in July, 1950, Page undertook reconstruction, employing the plaintiff and a small crew to clear away the debris and salvage usable material, and also employing Ohlsen, a contractor, to supervise the construction under a loose verbal agreement. Plaintiff's crew was continued in service after reconstruction commenced, and while the two groups were under separate supervision, they worked together, whenever necessary, to accomplish the common purpose of rebuilding the theater. It was while engaged in such duties that the plaintiff received the injuries on account of which compensation is sought. All materials for construction were billed directly to Page, and the workmen were paid through his manager, Stewart. From the facts of the

case as disclosed by the record we cannot say that the Court of Appeal was in error.

Although the defendant, in his exceptions of no cause or right of action, failed to state the basis of the plea, we find from argument in brief and the opinion of the appellate court that the exceptions are based on the contention that the allegations of the petition as well as the facts established on the merits show that the plaintiff was injured in the performance of duties which were not in the *regular* course of his employer's business, that of operating motion picture theaters, and therefore the injuries sustained are not compensable under the laws of this State. The further argument is made that in any event the plaintiff was performing services wholly disassociated from the hazardous part of defendant's business (machines used in connection with operation of the theater), and such being the case his injuries are not compensable.

In support of the first proposition, the defendant relies on pronouncements of this Court in the cases of Shipp v. Bordelon, 152 La. 795, 94 So. 399, and Caldwell v. George Sproull Co., 184 La. 951, 168 So. 112. The opinion in the Bordelon case held that a physician, engaged in the business of farming, a non-hazardous occupation, was not liable under the compensation laws to a carpenter injured while repairing a building on the farm. In refusing an application for rehearing it was pointed out that although the facts had been erroneously stated in that the building was in the city of

Alexandria, this made no difference in the outcome. In the Sproull case the employer, engaged in the manufacture as well as wholesale and retail sale of paint, varnishes and wallpaper, was held not liable in compensation to an injured workman employed especially to do paper hanging in its retail store, the Court giving as its *only* reason that the defendant had never been engaged in the business of contracting for papering or painting houses. In support of the second proposition the defendant cites the case of Rayburn v. De Moss, 194 La. 175, 193 So. 579, 580, in which this Court found as a fact that the defendant's business was not hazardous within the meaning and contemplation of the Act "since he was engaged in farming and dairying and not in the repairing or construction business", citing as authority therefor Shipp v. Bordelon (supra).

The opinion of the majority of the Court below, in construing the pertinent portion of the Compensation Act, LSA–R.S. 23:-1035, providing that the Act shall apply "to every person performing services arising out of and incidental to his employment in the course of his employer's trade, business, or occupation" in hazardous businesses, declared that the statute does not purport to restrict the right of an employee's recovery to those instances in which the injury is sustained in the performance of the *regular course* of the employer's business, trade or occupation. "Quite to the contrary," observed the author of the opinion, "it is our conception of the statute that it is in-

tended to protect the right of an employee when he is engaged in an employment with reference to, in connection with, incident to or in promotion of the employer's trade, business or occupation."

Our examination of the holdings of the several Courts of Appeal in the State reveals not only that there is disagreement as to applicable legal principles between the different appellate courts, but in many instances there are conflicts in the holdings of the same court. This is pointed out in the dissenting opinion filed in this case and demonstrated by the process of reasoning necessary to arrive at the majority conclusion. It would appear that much of this confusion and lack of harmony stems from pronouncements of this Court, made without citations of authority, without due consideration of the object and purpose of the Act, and in total disregard of the admonition of the lawmakers that its provisions should be liberally construed in favor of the employee. We think, therefore, that a reexamination of the subject is required.

The author of this opinion had occasion, in writing the opinion of the Court in the case of Puchner v. Employers' Liability Assurance Corporation, reported in 198 La. 921, 5 So.2d 288, to make a thorough study of the historical background of our employers' liability act. In that opinion will be found the pertinent observation, 198 La. at page 931, 5 So.2d at page 291: "The legislative body of the State of Louisiana, conforming to a general movement prevalent throughout the country at the time, enacted the state's first compensation legislation, known then as the Burke-Roberts Employers' Liability Act, Act No. 20 of 1914, so that the social obligations existing between the employee and employer might be readjusted to meet the modern trend. * * A careful study and analysis will disclose that its purpose is primarily to 'abolish the common-law system relating to injuries to employees as inadequate to meet modern conditions and conceptions of moral obligations, and substitute therefor a system based on a high conception of man's obligation to his fellow man * * *.' *By that system the loss incurred as a result of the employee's injury is recognized 'as an element of the cost of production to be charged to the industry rather than to the individual employer, and liquidated in the steps ending with consumption, so that the burden is finally borne by the community in general.* * * *'" (Emphasis Supplied.) Vol. 1, Honnold's Workmen's Compensation (1918) 5, Section 2. To the same effect, see Vol. 1, Schneider's Workmen's Compensation Law (Perm.Ed.1941) 1–3, Sections 1 and 2; 71 Corpus Juris, Workmen's Compensation Acts, 242, Section 15; and 28 Ruling Case Law 713, Section 2. See, also, the case of Herring v. Hercules Powder Co., 222 La. 162, 62 So.2d 260.

Clearly, the cost of the maintenance of the theater building and equipment, including its repairs, is an operating or production cost of Page's business or occupa-

tion. The fact that the theater ceased its operations temporarily for repairs that required the employment of additional labor does not, in our opinion, alter the basic fact that this forms an element of the cost of the operation of the theater that will be finally borne by the patrons.

■ It is our conclusion, therefore, that where the operator of an admittedly hazardous business, in the conduct of that business undertakes repair, whether it be of the building housing the same or the equipment therein, rather than have it done under contract, his employees come under the protection of the employers' liability laws of this State.

For the reasons assigned, the judgment of the Court of Appeal affirming the judgment of the District Court is reinstated and made the judgment of this Court. All costs are to be borne by the defendant, Page.

McCALEB, Justice (concurring).

Although there appears to be some confusion of reasoning in the various opinions of the Courts of Appeal on the question of law posed for decision in this case, there is unquestionably a direct conflict between the rulings in Hecker v. Betz, La.App., 172 So. 816, Gonsoulin v. Southern Amusement Company, La.App., 32 So.2d 94 and that of the Court of Appeal in the instant case, on the one hand, and those of this court in Caldwell v. George Sproull Co., 184 La. 951, 168 So. 112 and Rayburn v. De Moss, 194 La. 175, 193 So. 579, on the other.

The main opinion, I take it, constitutes an approval of the views expressed in the Court of Appeal cases above mentioned and consequently overrules the decisions of this court in the Caldwell and Rayburn cases.

Having endorsed the ruling in Hecker v. Betz (as a member of the Court of Appeal) and being of the belief that the views expressed therein are correct, I fully subscribe to the opinion herein.

HAWTHORNE, J., concurs, being of the opinion that the Court of Appeal correctly found that the employee was injured while performing services which were in the course of and in furtherance of his employer's trade or business, which was admittedly hazardous.