On Rehearing
This case was before us under this same number, May 29, 1953. On application for rehearing, a rehearing was granted June 30, 1953, limited to the question of liability of the Home Indemnity Company, insurer of Winford, for property damage alleged to have been sustained by plaintiff.
The issues as made up by the pleadings are set forth fully in the opinion heretofore rendered.
Counsel for plaintiff is yet contending that Shumake and Milam are not fellow servants, however a reconsideration of that, question is not included in this limited rehearing, and moreover is now foreclosed. Speed v. Page, 222 La. 529, 62 So.2d 824, 826 and authorities cited.
*793 Further examination of the provisions of the policy of insurance leads to the conclusion that the “hired automobile” endorsement excludes the owner of the automobile and his employees, and includes only such loss of property as Winford, the insured, would be liable to pay.
The definition of insured in the body of the policy contract, under “Insuring Agreements” contains the following:
“III. Definition of Insured: With respect to insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.”
The hired automobile endorsement under “Application of Insurance” is as follows:
“(2) The Definition of Insured agreement of the policy applies to the insurance afforded under this endorsement except for the owner of the automobile or any employee of such owner.”
From the above we reach the conclusion that the insurer of Winford is not liable.
The policy without the hired automobile endorsement would not .have protected Winford in any manner against legal responsibility for hired trucks, and the endorsement excluding the owner of the hired truck and his employees is the contract between insurer and insured as to hired trucks.
The policy, including the hired automobile endorsement is for the protection of Winford against claims for which he may be held legally responsible.
For these reasons our original judgment in this case, affirming the judgment of the lower court sustaining the exception of no cause and no right of action is reinstated and made the final judgment of this court.