ON REHEARING.
MILLER, Judge Pro Tem.
Our purpose in granting the rehearing was to reconsider our position on the second question posed for decision in this case — i. e. since plaintiff’s employment as a carpenter was in the course of defendant’s trade, business or occupation, then does the carpentry work which plaintiff was performing at the time of the injury, constitute a hazardous feature of defendant’s nonhazardous business so as to bring the plaintiff under the Workmen’s Compensation Act?
*604 In Professor Wex X. Malone’s book on Louisiana Workmen’s Compensation Law and Practice, 1962 pocket part, section 102 at page 35, the learned author wrote:
“As stated in the Text, several court of appeal decisions had indicated that repair or demolition work performed on the capital structures of a hazardous or partially hazardous business is within the coverage of the compensation statute and that the operator of such business is within the coverage of the compensation statute and that the operator of such business is liable for compensation. This position has now been affirmed by the Louisiana Supreme Court in Speed v. Page, 222 La. 529, 62 So.2d 824, affirming [La.App.] 59 So.2d 138. In that case claimant was injured while engaged in demolition and construction work for defendant who was rebuilding his motion picture theater which had been destroyed by fire. The position adopted in Heck-er v. Betz (See Text)[1] and Gonsoulin v. Southern Amusement Co. (See Text) [2] was affirmed.
‘It is our conclusion, therefore that where the operator of an admittedly hazardous business, in the conduct of that business undertakes repair, whether it be of the building housing the same or the equipment therein, rather than have it done under contract, his employees come under the protestation of the employer’s liability laws of this state.’
“As indicated in the Text, this represents a forward step in keeping with the purposes of the compensation statute. It is noteworthy, however, that the announced principle applies only to businesses which are admittedly hazardous. Thus the proprietor of a livery stable or a restaurant would not be liable in compensation to those of his workers who undertake to repair his establishment, while under similar circumstances the proprietor of a garage or a motion picture establishment would be subject to liability. It could be argued that this position is inherently fair because the livery stable proprietor is not liable for compensation in the conduct of his regular business while the proprietor of the garage is so liable. * * * ” (Emphasis added)
In our original opinion when discussing the holding in the case of McDonald v. Ouachita Commercial Insurance Agency, La.App., 129 So.2d 296, we concluded that, “if [that] case holds that ‘making capital repairs’ to a building used in the course of a nonhazardous business is not a ‘hazardous feature’ of the business, we are of a different opinion.” It is our opinion on rehearing that the McDonald case may be interpreted as holding that making capital repairs to a building used in the course of a nonhazardous business is not a hazardous feature of the business, such as to bring the employment under the coverage of the Workmen’s Compensation Act. And we *605 join our brothers of the Second Circuit in this holding.
It is our opinion that the employer in a nonhazardous business who undertakes to make capital improvements to house his nonhazardous business is not covered under the provisions of the Workmen’s Compensation Statute.
For these reasons the decision of the trial court is AFFIRMED.

. In Hecker v. Betz, La.App., 172 So. 816, the complainant was a plumber who was injured while doing remodeling work on an undertaking establishment operated by defendant. This business, which is normally not included within the Act, becomes hazardous because of the use of motor ambulances and hearses. The Court of Appeal for the Second Circuit allowed compensation, saying:
“But, even though construction or remodeling work may not be a part of the regular business of the employer, if, in furtherance of his regular business, which is in itself hazardous, the employer undertakes sucb remodeling work, then he renders himself liable in compensation to those employees who may receive injuries while doing such work.”

. In Gonsoulin v. Southern Amusement Company, La.App., 32 So.2d 94, Gon-soulin, who was injured while employed to make repairs on the marquee of a moving picture theater, was allowed compensation because the use of mechanical equipment and motor vehicles made the business hazardous, despite the fact that Gonsoulin’s duties did not oblige him to be in the vicinity of any of this machinery.