CULPEPPER, Judge.
This is a workmen’s compensation case. The defendant employer, P. D. Leleux, appeals from a judgment awarding the plaintiff, Wiltz Francis Segura, benefits for total and permanent disability.
Plaintiff was injured while doing carpentry work in connection with the moving, remodeling and repair of defendant’s country grocery store, in front of which two gasoline pumps were to be installed. The primary issue is whether defendant’s business was hazardous.
The relevant facts show that for IS or 20 years defendant owned and operated a country grocery store, with one gasoline pump in front of it, on a gravel highway between New Iberia and Abeyville. In 1959 this highway was paved and the location changed so that it passed to the rear of defendant’s store. Defendant decided to detach his store building from his residence and turn the store around and move it 60 or 70 feet, so it would face the new highway. In addition, he planned to increase the size of the store building, by adding an extension of 20 feet to the rear thereof. He also decided to have the Gulf Oil Corporation install two gas pumps in front of the store at its new location.
Plaintiff is a “jack of all trades” who lived in the area and worked as a plumber, carpenter and common laborer whenever he could find employment. Defendant hired plaintiff, at an agreed wage of $R25 per hour, to help with whatever work had to be done to move and enlarge the store building. Plaintiff’s first assignment was to lay water and natural gas pipes from the dwelling to the new store location. He dug trenches and laid the pipes as far as the new site, but there he had to stop because the floors and siding had not yet been completed. Then defendant assigned plaintiff to assist the two carpenters who were building the 20 foot extension on the rear of the grocery store. It was while plaintiff was climbing on the rafters of this new construction, that he fell a distance of about 10 feet to the ground and received the injuries, from which he contends he is permanently and totally disabled.
It is the contention of the plaintiff that this case falls within the doctrine enunciated in Speed v. Page, 222 La. 529, 62 So.2d 824. There, a motion picture theater was damaged by fire. The owner hired plaintiff and others to clear away the debris so that the theater could be reconstructed. Plaintiff was injured during the demolition work. In its decision our Supreme Court took occasion to point out the confusion existing in prior jurisprudence as to whether work done by an employee during repairs, remodeling and reconstruction of a building *395 which was to he used for a hazardous business constituted “ * * * services arising out of and incidental to his employment in the course of his employer’s trade, business, or occupation.” (Emphasis supplied.) within the meaning of LSA-R.S. 23:1035.
The court noted several prior cases which appeared to hold that if the employer is not regularly engaged in the business of doing repair work, then work of this type is not in the course of the employer’s trade or business. In the Speed case, the court rejected this theory and held as follows:
“It is our conclusion, therefore, that where the operator of an admittedly hazardous business, in the conduct of that business undertakes repair, whether it be of the building housing the same or the equipment therein, rather than have it done under contract, his employees come under the protection of the employers’ liability laws of this State.”
In the later case of Landry v. Fuselier, 230 La. 271, 88 So.2d 218, the facts found by the Supreme Court were that the defendant operated a service station, a grocery store, a rent house and a one-half interest in a saloon. Defendant employed plaintiff and others to demolish an old army building, some of the lumber from which was to be used to build a storeroom for the saloon, some to build a dwelling and some to construct a new roof over the gasoline service station. Plaintiff was injured during the demolition work. Following its decision in Speed v. Page, supra, the court held that since some of the lumber from the demolition job was intended for repair of the gasoline service station, an admittedly hazardous business, the demolition work being done by plaintiff at the time of his injury was in the course of and in connection with a hazardous business.
Applying these principles of law to the instant case, the factual issue presented is whether this repair and remodeling work was being done on a building or other establishment which was to be Used for a hazardous business of the employer. The jurisprudence is now well' established that a-retail grocery store business is not hazardous per se. See Boggs v. Great Atlantic & Pacific Tea Company, La.App., 125 So.2d 419 (3rd Cir. App.1960) and the cases cited therein. The jurisprudence is likewise now well established that a gasoline service station business is hazardous per se, because it involves regular proximity to gasoline, which is a dangerous explosive. Conaway and Clark v. Marine Oil Company, 5 La.App. 134; Smith v. Marine Oil Company, 10 La.App. 674, 121 So. 782; Youngblood v. Colfax Motor Company, 12 La.App. 415, 125 So. 883; Landry v. Fuselier, 230 La. 271, 88 So.2d 218.
The first question which we must decide is whether defendant’s business at the new location was a grocery store or was it a gasoline service station. The facts show that after the moving, repair and remodeling work had been completed, the establishment consisted of an ordinary country grocery store building with two gasoline pumps, located 18 or 20 feet in front of the building. There is no roof over the pumps. The evidence shows the gasoline tanks supplying these pumps are also located 15 to 20 feet from the building. These tanks and pumps were installed entirely by employees of Gulf Oil Corporation. Immediately at the front of the building there is an air compressor to furnish air for automobile tires. There is also a water faucet for the use of automobiles.
The evidence clearly shows that the defendant’s principal business is selling groceries. He has no employees. He and his wife run the business. Most of the customers who buy gasoline serve themselves and then go into the store to pay for the gas. Defendant sells only 2,000 to 3,000 gallons of gasoline .and 1 or 2 cases of oil per month. He carries no workmen’s compensation insurance.
Under these circumstances we think it is clear that this was not a gasoline serv *396 ice station in the usual sense of the word. Mr. R. O. LaSalle, local distributor for the Gulf Oil Corporation, testified that he did not consider this to be a gasoline service station because it did not have facilities to wash or grease cars, fix flats or furnish any of these customary services for motorists. Mr. LaSalle classified the business as country grocery store which occasionally sold gas and oil. The evidence amply supports this statement.
However, even though the business was certainly not a gasoline service station, in the usual sense of the word, a further question is whether the operation of the entire business, including both the grocery business and the gasoline business, necessarily involved such regular proximity to gasoline, a dangerous explosive, that the entire business must be classified as hazardous. It is our conclusion that it did not. The gasoline tanks and the gasoline pumps were located outside the building, 15 to 20 feet away. The sale of gasoline constituted a relatively minor part of the business. We think that such a business could have employees whose regular duties would not require regular proximity to the gasoline. The presence of the gasoline would not render hazardous the employment of everyone who worked on the premises. To hold otherwise would mean that every country grocery store, with a gasoline pump in front of it, would be a hazardous business and every employee in and about such a store would be covered by the Workmen’s Compensation Act under the theory that he was required to work in close proximity to a dangerous explosive.
The present case can best be rationalized by comparing it with those cases involving businesses which are not hazardous per se, but which do have some hazardous features ; as for instance a grocery store which contains dangerous electrical machines, (LeBlanc v. National Food Stores of Louisiana, Inc., La.App., 118 So.2d 500) or a hotel which contains dangerous mechanized equipment, (Luce v. New Hotel Monteleone, 234 La. 1075, 102 So.2d 461). These cases hold that where a business is nonhazardous but does have certain hazardous features, an employee is covered by the Workmen’s Compensation Act where he is regularly exposed to or is frequently brought in contact with the hazardous features of the business. However, an employee of such a business who is not regularly exposed to or brought into contact with the hazardous features of the business is not entitled to workmen’s compensation. Fontenot v. Fontenot, 234 La. 480, 100 So.2d 477.
Thus, in the present case, if defendant had hired an employee, such an employee would not be covered by the Workmen’s Compensation Act unless his regular duties required that he be exposed to or frequently brought in contact with a hazardous feature of the business, i. e., the gasoline pumps, or the air compressor or some other hazard. If such an employee’s duties did not require him to come in contact with a hazardous feature of the business, he would not be covered. For instance, a clerk whose sole duties were to handle the groceries or a handyman to keep the store clean, would not be covered. From these illustrations we think it is clear that the business which was to be housed in the building being remodeled by plaintiff at the time of the accident was not hazardous per se, but instead was a nonhazardous business with some hazardous features.
As we understand Speed v. Page, supra, and Landry v. Fuselier, supra, these cases hold that where repair work is being done on a building to be used for a hazardous business, all employees engaged in such repair work may recover workmen’s compensation from the owner employer. But the Speed and Landry cases do not go so far as to hold that where the building being repaired or remodeled is to house a business which is nonhazardous, but has some hazardous features, all employees engaged in the repair and remodeling work may recover workmen’s compensation benefits from the owner. Furthermore, we do not think that the holding of the Speed and Landry cases should be extended to cover such a situation.
*397 It should also be observed that we are here concerned with an isolated instance of repair work in a business in which regularly recurrent repair and maintenance work did not constitute a hazardous feature. Cf., Troquille v. Lacaze, 59 So.2d 505 (La.App. 2d Cir.) (farming), modified on other grounds, 222 La. 611, 63 So.2d 139. See also Comment, Workmen’s Compensation: The Coverage of Incidental Repairs, 11 Loyola Law Review 278 (1963).
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant and against the plaintiff dismissing plaintiff’s suit at his cost. All costs of this appeal are assessed against the plaintiff.
Reversed and rendered.
On Application for Rehearing
En Banc. Rehearing denied.