REDMANN, Judge
(concurring).
Appellant’s memorandum opposing dismissal apprehends first, that dismissal means the end of all hope for righting alleged wrong; and second, that appellant’s poverty and consequent inability to post a suspensive appeal bond deny her meaningful access to the courts in contravention of La.Const. art. 1 § 6. I believe these concerns justify additional response.
First, the present appeal is not from a final judgment which would end the litigation, but only from an interlocutory judgment. Even if the property were not yet sold and we decided preliminary injunction should issue, that would not have been a final judgment ending the matter; and on the trial on the merits in the trial court further evidence could be introduced and appellant could still have lost; see American Bakeries Co. v. Louisiana State Bd. of Health, 185 La. 959, 171 So. 90 (1936). So all our dismissal decides is that the incidental question, whether preliminary injunction should have issued on the record on rule, cannot now be decided. It does not mean that the substantive rights of appellant cannot be adjudicated by trial on the merits in the trial court. Whether appellant’s petition for injunction can now be amended to allege and pray for damages or other relief, or whether a new suit must be filed, we cannot now decide. But we do decide that the question whether she is entitled to damages or other relief cannot, in view of the right of both parties to add to the record at trial on the merits, be decided on the record on appeal *798 now before us: the question of the merits has never been adjudicated and is not adjudicable from the record now before us; see Walters v. Childers, 214 La. 531, 38 So.2d 160 (1948).
Second, poverty may mean inability to post a suspensive appeal bond, but the ability to post such a bond would not necessarily prevent sale anyway, as in Hibernia Nat. Bank of New Orleans v. Mary, 167 So.2d 200 (La.App.1964), cert. denied 246 La. 876, 167 So.2d 826 (1964). And another phase of the Mary case, 174 So.2d 200 (La.App.1965), cert. denied 247 La. 1084, 176 So.2d 144 (1965), shows a sus-pensive appeal from denial of preliminary injunction will equally be dismissed as moot when the sale sought to be enjoined has occurred.
Even a suspensive appeal from the order for seizure and sale may still bring nothing before the appellate court, if the defense is not evident from the creditor’s petition and exhibits. The 1960 Code of Civil Procedure has perhaps still not solved the inherent problems, noted in Kreher v. Theisman’s Estate, 125 La. 600, 51 So. 656 (1910).
Our Supreme Court has said, in Succession of Levins, 184 La. 825, 167 So. 454, 456, (1936):
“ * * * In Ouachita National Bank v. Shell Beach Construction Co., 154 La. 709, 98 So. 160, and in Hofman-Olsen, Inc., v. Northern Lumber Mfg. Co., 160 La. 839, 107 So. 593, we recognized that a devolutive appeal (or even a suspen-sive one) from an order refusing a preliminary injunction, although allowed by law, was neither an adequate nor an appropriate remedy to obtain the relief sought; and we pointed out that the only effective relief to be obtained in such cases was by application to this court under its general supervisory jurisdiction. * * * ”
It would be unjust to attempt to render a final judgment, without the consent of both parties, on this appeal from an interlocutory judgment refusing incidental relief which is now impossible; and I concur that this appeal must therefore be dismissed.