GULOTTA, Judge.
Plaintiff brought this action in workmen’s compensation under LSA-R.S. 23:1061 against defendants, American Yen- *359 tures, Inc., the owner of a building-, and Travelers Ins. Co., its insurer, for injury sustained by plaintiff while painting the building which American Ventures, Inc., had contracted with plaintiff’s employer to repaint after damages resulting from Hurricane Betsy. Plaintiff averred that he had been employed by a painting contractor who had been hired by American Ventures, Inc. to paint the building. The trial court determined that since the business of the property owner was to rent offices and shops in the building, by so doing, the owner must necessarily maintain, repair and paint the property; thus, this maintenance becomes part of the owner’s “business” within the meaning of LSA-R.S. 23:1061.
The trial judge rendered judgment in favor of plaintiff awarding permanent and total disability benefits for 400 weeks. Defendants appealed from this judgment. Originally this court affirmed the finding of the trial court that at the time of his injury plaintiff was engaged in work which was part of the trade, business or occupation of the principal, American Ventures, Inc. and that plaintiff was totally and permanently disabled. Doss v. American Ventures, Inc., 224 So.2d 470 (La.App. 4th Cir., 1969). On rehearing, we reaffirmed that portion of the original decree which concluded plaintiff was totally and permanently disabled but remanded the case to the trial court to determine through further evidence whether the work undertaken by the owner through the contractor was ordinary maintenance and repair or work in the nature of reconstruction.
On rehearing we said:
“We are unable to decide from the record whether the work undertaken by the owner through contractors was of the character of ordinary maintenance and repair (including ordinary storm damage) or whether it was reconstruction. In fairness to all parties, we have determined to remand the case to the district court for resolution of this issue alone. If plaintiff can establish that the damage was within the category of minor storm damage necessitating maintenance repairs as distinguished from reconstruction he should recover.” (Emphasis added.)
On remand, the trial judge ordered that there be judgment in favor of the defendants, American Ventures, Inc., and Travelers Insurance Company and against plaintiff, dismissing plaintiff’s suit with costs.
In explaining his reasoning, the trial judge said:
“This case was originally tried quite a long while ago, and it resulted in a judgment for the plaintiff for total disability under the compensation law. The Court of Appeal had occasion to look at the case, and they recalled their original decree, after affirming, and remanded it to the District Court for the limited purpose of determining whether the work was under the category of ordinary maintenance and repairs or whether it was reconstruction; and then on rehearing again they said,
‘However, we were too restrictive in our language limiting plaintiff to recovery if he can establish that the damage was within the category of minor storm damage necessitating maintenance repairs as distinguished from reconstruction. We should have made recovery dependent upon the particular work the plaintiff was doing rather than on the extent of the storm damage of a storm-damaged building. If he was doing ordinary maintenance painting he should recover under Section 10:61 [sic]. If he was painting a reconstructed portion of the building as part of its reconstruction, 10:61 [sic] is not applicable because reconstruction is not part of the defendant’s trade, business or occupation. Under the limited language of the last decree of the Court of Appeal, the District Court is of the opinion that the evidence in this case is that the plaintiff at this time was painting a reconstructed por *360 tion of the building. The Court believes that the record abundantly shows this, and, therefore, must dismiss the case.’ ”
The present appeal is from the adverse judgment of the trial judge on remand in finding that the work involved was in the form of reconstruction thereby barring plaintiff’s recovery.
The narrow issue before us is whether the trial judge committed error in dismissing plaintiff’s suit based on a finding that the work contracted out by the owner was that of reconstruction in contrast to work characterized as that of ordinary maintenance and repair.
LSA-R.S. 23:1061 reads in part as follows :
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he has contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; * * * (Emphasis added.)
A reading of the statute reveals the significance of the language indicating that for recovery under this section, the injury must have been sustained during an undertaking by the owner which was part of his trade or business. See Brown v. Hartford Accident & Indemnity Co., 109 So.2d 811 (Orl.App.19S9); rehearing denied March 30, 1959. American Ventures, Inc. is in the position of a lessor or building owner. We already have determined it is the duty or business of the defendant owner to maintain the building; thus, any injury which occurs in the act of maintenance is compensable because it would form a part of the owner’s business, trade, or occupation under LSA-R.S. 23:1061. However, the act of reconstruction is not, in our view, an undertaking which is part of the trade or business of being a lessor or building owner, and therefore an injury to an employee who is working on reconstruction rather than maintenance is not com-pensable under § 1061. Herein lies the significance of the narrow issue before us — a question of fact.
The facts are that the subject building is a one-floor cinder block type wherein are located various businesses including a grocery, washerteria, beauty shop, and dentist’s office. It stands near the corner of Veterans Highway and Green Acres Road. The cost of the original construction of the building in 1961 was approximately $18,-000. In order to determine whether the repairs and work done on the building at the time of plaintiff’s injury were reconstruction, we find the testimony of Salvatore J. Ciolino, Secretary of American Ventures, Inc., significant. He testified that the face amount on the insurance policy on the subject building was $15,000. The insurance company paid out the full $15,000 for damages to the building as a result of the hurricane. It is noteworthy that the building was declared a total loss. Further, photographs introduced into evidence show that, with the exception of a rear wall, the entire structure was demolished. In this connection, Mr. Ciolino testified :
“Q. Now, Mr. Ciolino, the work that Mr. Gould did, though, was to paint both the old structure that remained, and the new as well, is that correct, sir?
“A. No sir, it’s not. There was no old structure to remain. Everything was town down.” (Emphasis added.)
Mr. Ciolino in answer to further questioning stated:
“Q. Would you again tell the court, Mr. Ciolino, what remained of the build *361 ing following Hurricane Betsy that could be used by you in reconstructing these premises.
“A. The only thing that remained that we could use was the back wall. Everything else had to be torn down.
“Q. How about the slab, could you use the slab ?
“A. No, that remained.
“Q. And the concrete walkways?
“A. And the walkways remained.
Plaintiff relies heavily on the case of Speed v. Page, 222 La. 529, 62 So.2d 824 (1952) to show that he is entitled to Workmen’s Compensation. In Speed, the plaintiff was hired to help move debris from a theater damaged by fire and was awarded workmen’s compensation benefits from the theater owner and operator for injury sustained. In affirming the award, the Supreme Court wisely chose its words in saying:
“Clearly, the cost of the maintenance of the theater building and equipment, including its repairs, is an operating or production cost of Page’s business or occupation.” (Emphasis added.) Speed, supra, at 827.
It is hence apparent that the maintenance of the building is part of the owner’s occupation as used in § 1061. However, the Speed case is distinguishable from the case at bar in that while the court found in the Speed case that the injury was incurred while the plaintiff was engaged in maintenance and repair work, in this case, the facts reflect that plaintiff was injured in his capacity as a painter of a reconstructed building. Since reconstruction is not part of defendant’s trade or occupation, recovery must be denied. The facts of Speed, therefore, do not encompass the present fact situation.
We can find no error in the trial judge’s conclusion that the owner’s undertaking to repair the damaged building was not a matter of maintenance but rather was part of a complete reconstruction of the original building which had been totally, or almost totally, destroyed by the hurricane. We, therefore, conclude that plaintiff was not injured while contracted to execute work which was part of defendant’s trade or occupation as contemplated by LSA-R.S. 23:1061. The dismissal of plaintiff’s action on remand is affirmed.
Affirmed.