BYRNES, Judge.
This appeal arises out of a judgment declaring Charles Compton, plaintiff-appel-lee, permanently partially disabled and awarding him medical expenses and other worker compensation benefits.
FACTS
Appellee was employed as a manual laborer by New Orleans Public Service, Inc. '[“NOPSI”], defendant-appellant. On August 23,1982, while in the course and scope of his employment, appellee injured his lower back loading a 150 pound bag of concrete onto a truck. Mr. Compton reported the injury to his supervisor and was sent to see a company physician. He was diagnosed as suffering from a muscle strain, was told to keep heat on the affected area, and was reassigned to light duty for one week. After one week appellee returned to his regular duties, but continued to experience pain in his lower back whenever he lifted heavy materials. Finally, on October 7th he was sent by his supervisor to see Dr. Richard Faust. Upon examining appel-lee, Dr. Faust found no work-related problem. Appellee then sought the advice of his own physician, Dr. Anthony J. Hackett, Jr. He was hospitalized and Dr. Hackett consulted a neurosurgical specialist who determined that he was suffering from a disc extrusion at the L5,S1 level. After surgury was performed Mr. Compton was determined to be permanently disabled, and told he could never return to his former duties as a manual laborer.
At the trial of Compton’s worker’s compensation claim, the judge refused to allow Dr. Faust to testify based on the provisions of LSA R.S. 23:1122. The court ultimately rendered judgment in Mr. Compton’s favor and ordered appellant to pay medical expenses and compensation for permanent partial disability under R.S. 23:1221(3) and (4)(p). This appeal followed.
ISSUES
Appellant contends that the trial court erred in refusing to allow Dr. Faust to testify and that this error lead to the erroneous determination that appellee’s disc problems were work related. Appellant argues alternatively that the trial court’s award was incorrect.
DISABILITY
LSA R.S. 23:1122 relative to physicians reports provides in pertinent part:
Upon the receipt by either party of such a report from the other party, the party receiving it, if he disputes the report or any statement therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter, (emphasis added)
This court has held that where the disputing party fails to notify the party intending to use such a report of his dispute within the statutory time limit, the report may be received into evidence without any obligation to call the physician who rendered the report as a witnesses for cross examination. See Doss v. American Ventures, Inc., 224 So.2d 470 (La.App. 4th Cir. 1969); appealed on other issues after remand 248 So.2d 358 (La.App. 4th Cir.1971); reversed on other grounds, 261 La. 920, 261 So.2d 615 (1972). However, neither R.S. 23:1122 nor the Doss decision restricts the party for whom the report was made from calling the reporting physician to testify. Nor does the trial court have the discretion to restrict the testimony in this fashion. Nevertheless, under the circumstances of this case, we find that not allowing Dr. Faust to testify was harmless error.
Dr. Faust’s report concludes that appel-lee was not suffering from a work related problem. Appellee did not dispute any portion of the report and produced his treating physicians to refute any prejudicial statements made therein. The report was admitted into evidence and considered by the trial court in rendering its decision. Further, the trial court allowed the deposition of Dr. Faust to be proferred. We have reviewed that proffer and find that it contains no stronger evidence than was con *1289 tained in the report itself. Thus, it is clear that Dr. Faust’s testimony would not have produced information which was not contained in the report.
The trial court has much discretion in determining the credibility of the evidence presented at trial. Ferrer v. Gilbert, 436 So.2d 687 (La.App. 4th Cir.1983). Considering the above facts, we cannot say that the trial court abused its discretion in determining that appellees’ partial permanent disability resulted from his employment as a heavy manual laborer.
THE AWARD
In addition to medical expenses, the trial court awarded the following:
Permanent partial disability benefits for 450 weeks in accordance with R.S. 23:1221(3) and in particular ... the minimum compensation rate payable under 23:1202, which is $55.00 per week for the period from June 5, 1983 through February 23, 1984, in the total sum of $2,090.00 (thirty-eight weeks multiplied by the minimum compensation rate of $55.00 per week); ...
The defendant New Orleans Public Service, Inc. pay the plaintiff the minimum compensation rate of $55.00 per week in any week wherein the plaintiff’s wages do not equal his wages at the time of the accident — $305.60—...
Appellant contends that appellee is only entitled to two-thirds of the difference between his earnings at the time of his injury and his earnings in any week subsequent to his injury. We disagree.
The worker compensation statutes are clear. R.S. 23:1221(3) provides in pertinent part:
For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages ...
However, this is subject to the maximum and minimum benefit limits as ennunciated in R.S. 23:1202(1):
For injuries occurring on or after September 1, 1977, the maximum weekly compensation to be paid under this Chapter shall be sixty six and two thirds per centum of the average weekly wage paid in all employment subject to the Louisiana Employment Security Law and the minimum compensation shall be not less than twenty per centum of such wage, said maximum and minimum to be computed to the nearest multiple of one dollar. (emphasis added)
Reading these statutes together, it is clear that if the amount provided in 23:1221(3) is less than 20% of the employee’s average weekly wage, then benefits must be computed according to R.S. 23:1202(1).
In the case at bar, the trial court clearly awarded these benefits in accordance with the applicable statutes.
The trial court further awarded the following:
IT IS FURTHER ORDERED that in the event the plaintiff should receive wages in any week equal to or greater than the wages he was receiving at the time of the accident ($305.60), then the plaintiff is entitled to compensation in accordance with R.S. 23:1221(4)(p) which is at the minimum rate of $55.00 per week but not to exceed 100 weeks but with a credit against the 450 weeks to the defendant for any compensation paid under this section and in accordance with the decision in Jacks v. Bannister [Banister], 418 So.2d 524 (Supreme Court, 1982).
It is well settled that a permanently partially disabled employee may only collect compensation for weeks where he earns less than he did at the time of the accident. Martin v. H.B. Zachary Co., 424 So.2d 1002 (La.1982). Thus, the trial court erred in finding that appellee was entitled *1290 to benefits for those weeks when he received wages “equal to or greater than” the wages he earned at the time of his accident.
Accordingly, we amend that portion of the judgment to reflect that these benefits are to be paid only for any week in which appellee earns less than the wages he received at the time of the accident.
CONCLUSION
For the reasons above, the judgment of the trial court is amended and affirmed. All costs of this appeal are to be borne by appellant.
AMENDED AND AFFIRMED.
BARRY, J., dissents with reasons.