305 So.2d 616 (1974)
William Clare HOLCOMB, Plaintiff-Appellee,
v.
Jack FOWLER, d. b. a. White's Sewing and Stereo Center, Defendant-Appellant.
No. 12458.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
Rehearing Denied, January 21, 1975.
Writ Refused March 21, 1975.
*617 S. Patrick Phillips, Bossier City, for defendant-appellant.
Dixon, Thomas & Fleming by Edmund M. Thomas, Shreveport, for plaintiff-appellee.
Before AYRES, BOLIN and PRICE, JJ.
En Banc. Rehearing Denied, January 21, 1975.
AYRES, Judge.
From a judgment in favor of plaintiff-employee against the defendant-employer for workmen's compensation benefits as provided for total and permanent disability and for medical expenses incurred in the treatment of the accidental injuries allegedly sustained within the course and scope of plaintiff's employment, defendant appealed. In answer to the appeal, plaintiff prays that the judgment be amended to include penalties and attorney's fees.
Plaintiff was employed as a television and stereo technician in defendant's business of selling, servicing, and repairing stereos, televisions, and sewing machines. The injuries which plaintiff claimed resulted in his total and permanent disability arose from an accident which occurred between his motorcycle and an automobile of a third person at the intersection of Hanna and Montana Streets in the Cooper Road section of Caddo Parish. The accident occurred while plaintiff was returning from a service call to defendant's place of business with a stereo turntable for repair in defendant's shop. The driver of the offending automobile, without yielding the right of way, made a left turn of his vehicle in front of plaintiff's motorcycle, precipitating the collision.
Errors of the trial court of which defendant complains are in finding that: (1) plaintiff was within the course and scope of his employment at the time of the accident and was not precluded from the recovery of compensation because of his failure to utilize a protection against accident furnished by the employer; (2) plaintiff was totally and permanently disabled; and (3) he was not entitled to a new trial on the basis of newly discovered evidence.
From the first of the aforesaid specifications, defendant poses questions as to whether an employee who, for his own pleasure, used his motorcycle instead of the employer's station wagon in making service calls, in disregard of alleged specific orders, left the scope of his employment and *618 is thereby precluded from recovery of benefits provided under the compensation statute.
Defendant relies upon the provisions of the workmen's compensation statute (LSA-R.S. 23:1081) which, when applicable, denies compensation benefits to an employee who deliberately fails to use an adequate guard or protection provided by the employer for use of the employee against accident. This statute, in pertinent part, provides:
"No compensation shall be allowed for an injury caused . . . (3) by the injured employee's deliberate failure to use an adequate guard or protection against accident provided for him. . ."
It may be noted that in this connection the statute further provides:
"In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for the causes and reasons set forth in this Section, the burden of proof shall be upon the employer."
From our review of the status of the proof in the record, it appears that a discussion or a determination of the question as to whether defendant's station wagon was a guard or protection against accidents within the contemplation of the aforesaid section of the statute may be entirely pretermitted for the reason that it has been neither alleged by defendant in its answer nor contended by it in either brief or argument, nor established by any proof whatsoever, that a causal relationship existed between plaintiff's use of his motorcycle and the accident. It is a matter of conjecture that the accident would not have happened had plaintiff driven the employer's motor vehicle, particularly in view of the fact, as already noted, that the driver of the other vehicle involved in the accident failed to yield the right of way to plaintiff and attempted a left turn in front of him.
Ordinarily, where the injury is due from negligence or thoughtlessness, it is compensable. The failure or refusal to use the safety device must be intentional and willfulimplying obstinacy, stubbornness, and design, a premeditated and intentional wrongdoing. Herring v. Hercules Powder Co., 222 La. 162, 62 So.2d 260 (1952); Brown v. Kansas City Bridge Co., 191 So. 755 (La.App., 1st Cir., 1939). Moreover, where the failure to use the safety device does not contribute to the injury, the employee is not barred from compensation. Herring v. Hercules Powder Co., supra. See, also: 99 C.J.S. Workmen's Compensation § 262, pp. 906-908.
Defendant, however, cites and relies upon Daigle v. Moody, 175 La. 853, 144 So. 596 (1932). There, workmen's compensation was claimed by the mother and a sister of the employee, Alex Daigle, who was drowned while in the employ of defendant who was engaged in constructing riprap dykes in Red River. Defendant had boats for the purpose of transporting its employees from the barge from which they worked across the river. After having been conveyed across the river and having performed their work there, the deceased, with two other employees, attempted to swim across the river to their base of operations. The deceased became exhausted about midstream and drowned before he could be rescued. It was contended that plaintiff could not recover compensation for the reasons that: (1) the evidence did not show that the deceased lost his life while performing services arising out of and incidental to his employment in the course of his employer's business; and that (2) the accident was caused by the deceased's deliberate failure to use an adequate guard or protection against accident which was provided for him. The court concluded that plaintiff's demands were properly rejected on the ground that the deceased deliberately failed to make use of an adequate guard or protection against accident which was provided for him. It may be noted that Chief Justice O'Niell *619 dissented from the proposition that the source provision of LSA-R.S. 23:1081(3) is applicable to a boat or other vehicle or means of conveyance.
A distinction between the instant case and that of Daigle v. Moody, supra, is that in the cited case there was a causal connection between the employee's death and his failure to use the boat provided for him and other employees to cross the river; whereas, as already noted, there was no causal connection or relationship between the occurrence of the accident in which plaintiff received injuries and his failure to use the employer's station wagon. The accident was not brought about through plaintiff's use of the motorcycle; it was merely coincidental.
Appellant's next question concerns what compensation, if any, should be awarded to plaintiff as a television repairman for a 25% loss of the use of one hand. A prerequisite to a resolution of this question is a determination of the nature and extent of plaintiff's injuries and of the disabilities resulting therefrom.
Following the accident, plaintiff was admitted to the Bossier City General Hospital where he was seen by Dr. Austin W. Gleason, an orthopedic surgeon. The doctor, upon examination, found plaintiff had sustained a compound fracture of his right proximal and middle third of his tibia. The skin was broken and these leg bones and the fractures were exposed to the outside. In addition, the doctor found plaintiff had sustained severe compound fractures and injuries of his right wrist into the joint, involving all of his extensor tendons. This was described as a kind of "chopping" injury, seemingly as if an axe had hit the top of the wrist and severed all of its tendons. Dirt and debris were found in the wounds.
Usual emergency-room techniques were applied to stabilize the patient, to get blood started, his leg and wrist splintered and the patient prepared immediately after x-rays for surgery. A laceration of plaintiff's chin was sutured.
The wound in the leg was opened, the fractures examined, cleaned, and all foreign substances and dead tissues were removed. The bones above and below the fracture were held in place by pins over which a cast was applied.
Attention was next directed to plaintiff's wrist, where the same procedure was followed. A question of grave concern at the time was whether or not the tendons which were stuck together would properly heal. There was little bone damage to the wrist. The injuries primarily concerned the capsule around the wrist joint.
Plaintiff was hospitalized for four days followed by routine checkups. After a month, the cast was removed from his wrist. The cast on his leg, however, was not removed until December 28, 1972. In this connection, it may be pointed out that the accident occurred and plaintiff was hospitalized and seen by Dr. Gleason on August 5, 1972. Hospital and medical expenses were incurred to the extent of $1,956. On September 18, 1973, plaintiff was again examined by Dr. Gleason who on that date made a progress report. The examination on that occasion revealed that plaintiff had motion in his wrist from 20 degrees of dorsiflexion to 20 degrees of volarflexion which varied from the normal of approximately 90 degrees, or a limitation by 70 degrees in each direction. The two bones in the wrist, prominent in pronation and supination, would, on occasion, pop out of joint. This affected the turning movement of the wrist and resulted in weakening it. This would have, it was testified, a detrimental effect on plaintiff's ability to turn objects where strength was required, such as with wrenches and screwdrivers. Degenerative changes were noted in the bones of the wrist joint, which changes were attributed to arthritis as a result of the accident.
On the basis of his findings, the doctor testified that plaintiff had sustained a 25% *620 disability to his right hand. Future surgery was envisioned as probable with a possibility of fusing the wrist to afford plaintiff painless function of his hand. Plaintiff's complaints of pain in the use of his handusing wrenches, screwdrivers, and particularly over appreciable periods of timewere said to be consistent with the doctor's findings of injury. Such was the condition at the time of trial. The doctor explained that plaintiff's condition would not improve in the future without additional surgery and would be worsened with degenerative arthritic changes.
From the facts of this case which we have reviewed hereinabove, the trial court concluded that plaintiff was totally and permanently disabled from the performance of the type of work he was doing at the time he sustained accidental injuries. He received a 25% loss of use of his hand due to the accident, and pain continues when he attempts to perform labor as required of a television repairman. His ability to use pressure of any significance with his wrist and hand prevents him from discharging the duties of his former employment. We find no manifest error in the trial court's conclusions.
Defendant finally complains of the court's failure to sustain a motion for a new trial based primarily upon newly discovered evidence. This contention is predicated upon an alleged telephone conversation between plaintiff and defendant wherein it is alleged plaintiff told defendant that his hand was as good as ever and that he was not even hurt. The nature and extent of plaintiff's injuries and of their disabling effects were prime issues presented for determination on the trial of this case. Extensive and exhaustive evidence was introduced by both plaintiff and defendant. The evidence sought to be introduced in a new trial would not be sufficient to overcome the expert and positive evidence already in the record. It would be only cumulative. Proof of the statement on behalf of defendant and a denial thereof on the part of plaintiff would be an insufficient basis for setting aside the judgment. We find no abuse of the trial court's discretion exercised in this instance.
Plaintiff contends, in his answer to the appeal, that he should be awarded penalties and attorney's fees. We find no basis for altering the judgment in this regard. The court found there was a legitimate controversy as to the existence of the employer's liability and of the nature and extent of plaintiff's disability. The court found that defendant's nonpayment of compensation was neither arbitrary nor capricious. We find no basis for disagreement.
For the reasons assigned, the judgment appealed is affirmed at defendant-appellant's costs.
Affirmed.