779 So.2d 887 (2000)
Robert MORENO, Plaintiff-Appellee,
v.
Sam SIMONTON, d/b/a SSCH Stump Removal, Defendant-Appellant.
No. 33,854-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2000.
Rehearing Denied January 18, 2001.
Writ Denied April 20, 2001.
*888 Michael A. Pitman, Bossier City, Counsel for Appellant.
*889 John S. Stephens, Shreveport, Counsel for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
STEWART, J.
The claimant, Robert Moreno, brought this action with the Office of Workers' Compensation against the appellant, Sammie Simonton, d/b/a SSCH Stump Removal, in order to recover benefits for injuries he sustained while providing tree climbing services for the defendant. The workers' compensation judge (WCJ) ordered judgment in favor of Robert Moreno and against the appellant for medical expenses, indemnity benefits, statutory penalties, and attorney's fees. Appellants brought this appeal. We hereby affirm the award of medical expenses and indemnity benefits to Robert Moreno, but we reverse the award of penalties and attorney's fees.

FACTS
On September 5, 1997, Robert Moreno was severely injured while performing services for the defendant when he fell from the tree in which he was working. Moreno contends that at the time of his injury he was employed by the defendant, Sam Simonton d/b/a SSCH Stump Removal, a tree removal service in Haughton, Louisiana. Moreno incurred medical expenses for treatment of his injuries and was hospitalized for about one month, during which time he was unable to engage in full-time employment. On February 1, 1998, Moreno returned to work, this time working for the Louisiana Department of Transportation.
The defendant carried no workers' compensation insurance and refused to provide Moreno with any workers' compensation benefits, medical or indemnity. As a result, Moreno initiated this claim with the Office of Workers' Compensation. The defendant denies liability in this matter, alleging that there was no employer-employee relationship in existence at the time of the accident. Moreover, the defendant argues that Moreno deliberately failed to use a safety device, a rope, which the defendant claims could have prevented Moreno's injuries. The trial court ordered judgment in favor of Moreno and against the defendant for medical expenses, indemnity benefits, statutory penalties, and attorney's fees. Thereafter, this appeal ensued.

LAW AND DISCUSSION

Employment Status
By assignment of error, the appellant contends that the WCJ erred in finding that an employer-employee relationship existed between the appellant and Moreno at the time of the accident in question. Specifically, the appellant maintains that he did not exercise the prerequisites needed in order to establish that an employer-employee relationship existed. According to the appellant, at no time did he ever exercise any supervision, control, or power of dismissal over Moreno, pointing out that Moreno had full authority to select the jobs that he wished to perform.
In reviewing determinations of the WCJ, the standard of review is the manifest error or clearly wrong standard. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706; Collins v. General Motors Corp., 31,782 (La. App.2d Cir.3/31/99), 736 So.2d 947. Furthermore, each case must be decided on its own particular facts, taking into consideration the total economic relationship between the parties and the various factors weighing for or against a finding of an employment relationship. Sones v. Mutual of Omaha Ins. Co., 272 So.2d 739, 742 (La.App. 2d Cir.1972), application denied, 273 So.2d 292 (La.1973).
Employees in Louisiana are assured protection from work-related injuries through the Louisiana Workers' Compensation Act. La.R.S. 23:1021 et. seq. Generally, independent contractors are excluded from coverage. La.R.S. 23:1021(6). However, this statute, specifically La.R.S. *890 23:1021, creates the following coverage exception for those independent contractors who spend a substantial part of their worktime in manual labor:
"Independent contractor" means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter.
La.R.S. 23:1021(6).
The first issue for consideration is whether Moreno falls within the definition of independent contractor as set forth in La.R.S. 23:1021(6). Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972), defines an independent contractor as one who has contracted for:
... a specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction, in the performance of the service, of his employer ... It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.
Hickman, 262 So.2d at 390-391.
Moreno contracted with the appellant to provide tree climbing services which included such duties as cutting down trees, trimming trees and grinding stumps. The appellant concedes that the basis for the agreement was that Moreno would take on individual jobs, and that Moreno was to call the appellant on a daily basis in order to find out whether the appellant had work available for him to perform. The record reveals that the methods employed by Moreno in completing the projects were his own, unhindered by the control and direction of the appellant. Moreno testified that while the appellant would show Moreno what work needed to be performed, such as the specific trees that needed to be cut down or trimmed, Moreno was at liberty to perform the work in whatever manner he chose to employ. Indeed, the record reveals that Moreno was free to accept or reject a job depending on his own needs and desires. Moreno was free to come and go as he pleased, so long as the work that he agreed to perform was completed. Moreno and the appellant disagree on the method in which Moreno was to be paid. Moreover, upon review of the record and in consideration of the inconsistencies as to the agreement on wages, we agree with the WCJ that the only basis for wage payments that can be established is that Moreno was to be paid a weekly wage of $400. As such, we believe that Moreno was correctly classified as an independent contractor.
The next issue is whether Moreno is a manual laborer. If he is a manual laborer, he falls within the exception to the independent contractor exclusion and is entitled to workers' compensation coverage. The jurisprudence has uniformly defined "manual labor" as work where the "physical" element predominates over the "mental" element. This is the correct interpretation of the term "manual labor" in La. R.S. 23:1021(6). Riles v. Truitt Jones Construction, 94-1224 (La.1/17/95), 648 So.2d 1296.
Moreno personally engaged himself in the business of cutting down trees and trimming trees, along with grinding stumps, among other physical labors. The hands-on feature, combined with the strenuous nature of tree climbing, convinces us that Moreno was clearly engaged in manual labor. Furthermore, a substantial *891 amount, if not all of Moreno's services were rendered in the form of manual labor.
As such, Moreno is an independent contractor. La.R.S. 23:1021(6) specifically provides workers' compensation coverage for an independent contractor who spends a substantial amount of manual labor time in carrying out the terms of the contract. Accordingly, we agree with the WCJ and find that Moreno is included within the protective provisions of La.R.S. 23:1021(6). Moreno is entitled to workers' compensation benefits. This assignment of error lacks merit.

Failure to Use Safety Device
By assignment of error, the appellant argues that the WCJ erred in not finding that Moreno deliberately failed to use an adequate guard or protection to prevent his injury. Specifically, the appellant contends that although Moreno was informed of the need to use a safety line to protect himself against a fall, Moreno deliberately refused to take the precaution.
No workers' compensation benefits are allowed for injuries caused by the employee's deliberate failure to use an adequate guard or protection against an accident that has been provided for him. La.R.S. 23:1081(1)(c). The employer bears the burden of proving its defense. La.R.S. 23:1081(2). The defendant cites the case of Carter v. Christ, 148 So. 714 (La.App, Orleans 1933), for the proposition that the word "deliberate" means nothing more than "intentional." In the later case of Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965), however, the supreme court stated:
When an employer invokes the defense that the injured employee deliberately failed to use an adequate guard of protection against accident provided for him, the employer bears the burden of proving that the safety device was provided as such, that the employee had knowledge of its function and adequacy and deliberately failed to use it.
. . .
And too, "[t]he word `deliberate' as used in the act implies something more than mere negligence, or a voluntary and intentional failure on the part of the workman to use the guard or protection. The work carries with it an implication of some obstinacy, headstrongness, foolish, daring, or intentional wrongdoing on the part of the employee." Brown v. Kansas City Bridge Company, supra [191 So. 755 (La.App.1939)]. See also McClendon v. Louisiana Central Lumber Company, 17 La.App. 246, 135 So. 754 (1931). There is no direct proof to the effect, and it would be difficult to infer, that the employee's failure to use the fork lift was due to obstinacy, headstrongness, foolish daring or like conduct. We cannot, therefore, permit the employer's defense to succeed. (Emphasis added.)
Additionally, Carter has been distinguished in at least three cases. See Cole v. List & Weatherly Const. Co., 156 So. 88 (La.App.2d Cir.1934); Haven v. Munson, 169 So. 819 (La.App. 1st Cir.1936); Brown v. Kansas City Bridge Co., 191 So. 755 (La.App. 1st Cir.1939). The more recent cases take a more liberal interpretation of the word "deliberate;" whereas, the Carter case takes a more restrictive interpretation of the word "deliberate."
Even our court has deviated from the proposition cited in Carter, supra, that the word "deliberate" means nothing more than "intentional." As stated in the second circuit case of Cole cited above, an action can be "ill-considered, negligent and intentional, but not deliberate or willful." Another second circuit case, Holcomb v. Fowler, 305 So.2d 616 (La.App. 2d Cir. 1974), writ denied, 309 So.2d 679 (La. 1975), stated:
Ordinarily, where the injury is due from negligence or thoughtlessness, it is compensable. The failure or refusal to use the safety device must be intentional and willful-implying obstinacy, stubbornness, and design, a premeditated and *892 intentional wrongdoing. (Emphasis added.)
In a more recent second circuit case, Allen v. Louisiana Wood, 29,947 (La.App.2d Cir.01/23/98), 706 So.2d 636, this court stated:
No workers' compensation benefits are allowed for injuries caused by the employee's deliberate failure to use an adequate guard or protection against an accident that has been provided for him. La.R.S. 23:1081(1)(c). The employer bears the burden of proving its defense. La.R.S. 23:1081(2). The failure or refusal to use the provided safety device must be shown to the intentional and willful. (Emphasis added.)
Finally, in Attaway v. Farley's Glass Co., Inc., 430 So.2d 705 at 710 (La.App. 2d Cir.1983), the court stated that:
The employer must show (1) premeditation or malice on the part of the injured employee, and (2) a reasonable expectation that injury would result from the employee's actions. An employee is not disqualified from benefits by his instinctive or impulsive acts even if he is to blame for his injury.
Also, in order to disqualify an employee from benefits, the employer must demonstrate that the safety device was provided solely as a guard or protection and that the employee had knowledge of its function and adequacy. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965); King v. Grand Cove Nursing Home, 93-779 (La. App. 3d Cir.3/9/94), 640 So.2d 348, writ denied, 94-0865 (La.5/13/94), 641 So.2d 204.
In the present case, Moreno's failure to utilize the safety line was not, in our opinion, a deliberate discarding of an adequate guard within the meaning of the statute. Moreno had some 10 years of experience in climbing prior to the accident in question. From his experience, Moreno could reasonably believe that there was no need in having the safety line. Moreno testified that at the time of the accident he was secured by both a safety rope and a climbing rope. Furthermore, he stated that the tree hooks were attached so as to keep him stable, and that, in his opinion, "the tree felt real solid...." Although we do admit that the safer procedure would have been to utilize the safety line, as recommended by coworker Robert Burks, the fact that Moreno chose to climb the tree without the safety line should not preclude him from collecting workers' compensation benefits.
While Moreno's actions may be characterized as intentional, they were not deliberate. We believe that Moreno's failure to use the safety line was neither a premeditated act, nor was it done with malice. As we have stated, in order to disqualify a claimant from benefits, the failure to use a safety device must be not only intentional, but also deliberate. In this case, Moreno's careless actions amount to common negligence within the protection of the workers' compensation bargain under the law.
Likewise, the evidence suggests that the safety line, which allegedly could have prevented Moreno's accident, had alternative uses. The record reveals that the safety line was also used for the purposes of ascending and descending the trees, and for moving about from tree to tree. In essence, the safety device in question was not exclusively used for precautionary measures, a prerequisite in order to disqualify an employee from benefits.
As a result, we believe that while Moreno's actions were careless, negligent and intentional, they were not deliberate and willful within the meaning of the statute. Moreno cannot be disqualified from workers' compensation benefits for his failure to use a safety device which, in his professional opinion, was not necessary. This assignment of error lacks merit.

Weekly Indemnity Benefits
By assignment of error, the appellant argues that the WCJ erred in awarding weekly indemnity benefits to Moreno. *893 The appellant argues that there were numerous inconsistencies as to the wages that Moreno earned. Moreover, the appellant contends that Moreno worked for an hourly wage, and that workers' compensation benefits should be computed on that basis. By contrast, the WCJ determined that Moreno worked on a weekly basis, and computed benefits accordingly.
The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Stobart v. State, Through Dept. of Transp. & Dev., 617 So.2d 880 (La.1993). Even though an appellate court may feel that its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart, supra. Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
Based upon our review of the record, we find that the WCJ did not commit manifest error. Clearly, there were inconsistencies between the testimony offered by Moreno and that offered by the appellant as to the wages that Moreno earned. For instance, Moreno claimed that he earned $100 per day, and later claimed that he earned $400 per week. On the other hand, the appellant contends that a partnership agreement existed between himself and Moreno, and that the proper wage calculation was that Moreno earned 25% of the total gross receipts for each individual job. As noted by the WCJ, Moreno and the appellant did agree that Moreno was to pay for his own expenses. In any case, the WCJ determined that, based on the evidence taken as a whole, the wage agreement was that Moreno would receive $400 per week from the appellant. As such, the WCJ calculated workers' compensation benefits based on that figure. We agree with the decision made by the WCJ on this evidentiary issue. This assignment of error lacks merit.

Statutory Penalties and Attorney's Fees
By assignment of error, the appellant contends that the WCJ erred in awarding statutory penalties and attorney's fees to Moreno. In this instance, the appellant argues that Moreno was under the influence of alcohol or controlled dangerous substances at the time of his injury, and that Moreno deliberately failed to use the safety device which allegedly could have prevented his injuries. The appellant argues that based upon these good faith defenses and his right to seek judicial determination of those defenses, he should not be required to pay any benefits.
We believe that the WCJ erred in awarding penalties and attorney's fees related to the appellant's alleged arbitrary failure to pay workers' compensation benefits. The sole remedy for arbitrary failure to pay workers' compensation benefits is the recovery of penalties and attorney's fees. La.R.S. 23:1201.2. An assessment of penalties and attorney's fees is proper, unless the employee's rights to benefits are reasonably controverted. Schmitt v. City of New Orleans, 632 So.2d at 374. The test to determine whether the employee's right to benefits was reasonably controverted is set forth in Watson v. Amite Milling Co., Inc., 560 So.2d 902, 906 (La.App. 1st Cir.) writ denied, 567 So.2d 614 (La.1990), citing Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363, 367 (La.App. 3rd Cir.1985), as follows:
[G]iven the facts, medical and otherwise, known to the employer or his insurer, did the employer or insurer have a reasonable basis to believe that medical expenses and compensation benefits were not due the employee. Stated another way, did the employer or his insurer have sufficient factual and medical information to reasonably counter the factual *894 and medical information presented by the claimant.
Whether the refusal to pay or the discontinuation of benefits warrants the imposition of penalties and attorney's fees is a factual question which will not be disturbed upon review in the absence of manifest error or unless clearly wrong. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736, 740 (La.App. 1st Cir.), writ denied, 553 So.2d 466 (La.1989).
In this case, we believe, as we have stated, that Moreno's actions in failing to use the safety device were not deliberate. However, we believe that Moreno's right to workers' compensation benefits was reasonably controverted with regard to his status as an independent contractor. Based on the record, the appellant had a reasonable basis for believing that Moreno was not his employee and, therefore, that he did not owe Moreno workers' compensation benefits. As such, we believe that the appellant was not arbitrary in his refusal to pay workers' compensation benefits. We hereby find that the WCJ erred in awarding penalties and attorney's fees, and we reverse that award.

CONCLUSION
Based on the foregoing, we hereby affirm in part and reverse in part the decision made by the WCJ. Costs of this appeal are assessed as follows: two-thirds to the appellant and one-third to Moreno, the appellee. AFFIRMED IN PART; REVERSED IN PART.
BROWN, J., concurs and dissents in part.
BROWN, J., concurring and dissenting in part.
I agree that the award of penalties and attorney fees should be reversed.
To say that there were inconsistencies concerning how much or how Moreno was paid is an understatement. Moreno kept no records and paid no taxes on these wages. Moreno did not work on a regular basis and worked at his discretion. I believe La. R.S. 23:1021(10)(d) is applicable to this case. In this respect, I respectfully dissent.

APPLICATION FOR REHEARING
Before NORRIS, C.J., BROWN, STEWART, PEATROSS, and KOSTELKA, JJ.
Rehearing denied.
BROWN and KOSTELKA, JJ., would grant rehearing.