JjPEATROSS, J.
This appeal arises from a worker’s compensation judgment awarding worker’s compensation benefits to the plaintiff, Bobby Kimble (“Kimble”). The defendant, Fibrebond Corporation (“Fibre-bond”), appeals the judgment. For the reasons stated herein, we affirm.
FACTS
Kimble was employed by Fibrebond on January 19, 2001, when he was injured at work. On the morning of the accident, Kimble was working outdoors in the area Fibrebond employees call the “Back Forty.” In order to keep warm on colder days, Fibrebond employees working in the “Back Forty” would burn wood in barrels. The employees would use whatever scrap wood they could find. Kimble was breaking up an old wooden pallet when a splinter from the wood entered his eye. He was using a brick or chunk of concrete to throw down onto the pallet to break it into pieces. At the time of the injury, Kimble was not wearing his company issued safety glasses.
On February 21, 2001, Kimble sought worker’s compensation benefits from Fi-brebond. Citing an affirmative defense under La. R.S. 23:1081(l)(c), Fibrebond refused to pay the benefits. Under La. R.S. 23:1081(l)(c), an employee is precluded from recovering worker’s compensation benefits if he deliberately failed to use an adequate employee provided guard/protection to prevent an accident. Fibrebond maintained that Kimble’s deliberate failure to wear the safety glasses relieved Fibre-bond of its duty to pay him worker’s compensation benefits. Kimble then filed a claim against Fibrebond for benefits with the Office of Worker’s ^Compensation. A trial was held on October 30, 2001. At the trial, it was determined by the Worker’s Compensation Judge (“WCJ”) that Fibre-bond issued safety glasses to Kimble on his first day of employment and he was required to have the glasses on at all times in the production areas and on the grounds of the Fibrebond plant. Kimble admitted in his testimony at trial that, even though *424 he had the safety glasses on his person, he was not wearing them the morning of the accident. The WCJ found that Kimble had knowledge of the function, use and adequacy of the safety glasses and that he voluntarily and intentionally failed to use his safety glasses the day of the accident; however, the WCJ further found that Kim-ble’s actions were not deliberate, or obstinate, but merely ill-considered, lacking premeditation, malice and a willful intent to injure himself.
The WCJ rendered judgment on January 31, 2002, finding that Fibrebond failed to prove its affirmative defense and that the evidence did not warrant forfeiture of Kimble’s worker’s compensation benefits. Kimble was awarded temporary total disability benefits covering January 19, 2001, through February 14, 2001; mileage expenses for miles traveled for medical treatment; and medical expenses incurred from January 19, 2001, through May 15, 2001. Fibrebond now appeals, asserting that the trial court erred in not applying the La. R.S. 23:1081(l)(c) affirmative defense in bar to Bobby Kimble’s claims against Fi-brebond Corporation.
DISCUSSION
Fibrebond contends that Kimble’s injury is not compensable because Kimble was deliberately not wearing his safety glasses at the time of the ^accident and that La. R.S. 23:1081(l)(c) is an affirmative defense to having to pay worker’s compensation benefits when an employee deliberately fails to use a safety device.
La. R.S. 23:1081(l)(c) provides, in pertinent part:
(1) No compensation shall be allowed for any injury caused:
(c) By the employee’s deliberate failure to use an adequate guard or protection against accident provided for him....
The employer bears the burden of proving its defense under La. R.S. 23:1081(l)(c). Allen v. Louisiana Wood Moulding Corporation, 29,947 (La.App.2d Cir.1/23/98), 706 So.2d 636. In the instant case, the WCJ held that Fibrebond failed to carry its burden. We agree.
In order to prove this defense, an employer must show (1) premeditation or malice on the part of the injured employee and (2) a reasonable expectation that injury would result from the employee’s actions. Attaway v. Farley’s Glass Co., Inc., 430 So.2d 705 (La.App. 2d Cir. 1983). An employee is not disqualified from worker’s compensation benefits by his instinctive or impulsive acts even if he is to blame for his injury. Attaway, supra. The failure or refusal to use the safety device must be intentional and willful, implying obstinacy, stubbornness and design-a premeditated and intentional wrongdoing. Holcomb v. Fowler, 305 So.2d 616 (La.App. 2d Cir.1974), unit denied, 309 So.2d 679 (La.1975).
It is well settled in this state that mere disobedience of orders as to how work should be done will not affect the right of an injured workman to compensation. Allen, supra. Even if an act is done in disobedience of special rules and in spite of warnings, if it is done in an honest attempt to 14further that which he was employed to do, worker’s compensation is not barred, even if it is done in a more dangerous way. Allen, supra.
The word “deliberate,” as used in La. R.S. 23:1081(l)(c), implies something more than mere negligence, or a voluntary and intentional failure on the part of the workman to use the guard or protection. Moreno v. Simonton, 33,854 (La.App.2d Cir.12/20/00), 779 So.2d 887, writ denied, 01 0444 (La.4/20/01), 790 So.2d 634. In Moreno, Mr. Moreno was injured when he fell from a tree while he was working on a *425 project for a stump removal company. He failed to use an employer provided safety • rope that could have protected him from falling. This court held that Mr. Moreno’s actions may have been characterized as intentional, but they were not deliberate; and, in order to disqualify an employee from worker’s compensation benefits, the employer must prove that the failure to use a safety device must not only be intentional, but also deliberate. Moreover, we also found that Mr. Moreno’s failure to use a safety line was neither a premeditated act, nor was it done with malice.
In addition, this court has previously adopted the definition of the word “deliberate,” as found in La. R.S. 23:1081(l)(c), as: “Well advised; carefully considered; not sudden or rash; weighing facts and arguments with a view to a choice of decision; carefully considering the probable consequences of a step; circumspect; slow in determining; to weigh in the mind; to consider the reasons for and against; to consider maturely; to regard upon; to ponder.” McClendon v. Louisiana Central Lumber Co., 17 La.App. 246, 135 So. 754 (La.App. 2d Cir.1931). Clearly, Kimble’s Indecision not to wear his safety glasses was not deliberate under this definition of the term. Kimble’s decision not to wear the safety glasses was intentional, but it was not deliberate or willful within the meaning of La. R.S. 23:1081(l)(c) and it was certainly without premeditation or malice. As previously stated, Kimble was working outdoors on the morning of the accident, attempting to keep himself and his co-workers warm by breaking apart pieces of wood and then burning the wood in a barrel. Even though Kimble had his safety glasses on his person, he was not wearing them while he was breaking apart the wood. With no other thought than to help facilitate the work that he was employed to do, we conclude that Kimble did not deliberately or willfully fail to wear his safety glasses.
The affirmative defense of failure to use a guard or protection is strictly construed and the defense is viewed as a narrow one. Allen, supra. In Allen, we found that the employee’s accident occurred as a result of his spur-of-the-moment decision to remove a safety device; thus, his decision not to use the safety device was not deliberate or willful. Likewise, Kimble’s decision not to wear his safety glasses was a spur-of-the-moment decision and Fibrebond has failed to prove that his decision not to wear the glasses was premeditated, deliberate and willful.
Fibrebond cites the case of Carter v. Christ, 148 So. 714 (La.App.Orleans 1933), to support its affirmative defense, but we decline to follow this decision. In Carter, the Orleans appellate court interpreted the word “deliberate” more restrictively than the interpretation given in most other jurisprudence in the state. The court held in Carter that the word | fi“deliberate” means nothing more than intentional. In line with previous decisions from our court, however, we find that the word “deliberate” is defined much more broadly and Carter is inapplicable to the instant case.
We also find that Daigle v. Moody, 175 La. 853, 144 So. 596 (La.1932), which is cited by Fibrebond, is distinguishable from the case sub judice. In Daigle, the supreme court held that the employee’s decision to swim the Red River rather than to take the employer provided boat was not incidental to his employment and that his attempt to swim the river was for his own pleasure and in no way a furtherance of his employer’s business. The facts in Daigle are entirely different than the facts in the instant case, as Kimble’s injury was incidental to his employment. Fibrebond was aware that Kimble and his co-workers broke apart wood and burned it in order to *426 keep warm while they were working outside. It became a routine part of their job. At no point did Fibrebond tell the employees to stop breaking apart and burning the wood.
Since we find that Fibrebond has failed to prove its affirmative defense in the instant case, Kimble cannot be disqualified from worker’s compensation benefits because of his failure to use his safety glasses. We conclude that Kimble’s failure to use his safety glasses was not deliberate; and, therefore, find that Fibrebond’s assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the judgment of the WCJ against Fibrebond Corporation is affirmed. Costs of this appeal are assessed to the Appellant, Fibrebond Corporation.
AFFIRMED.