B CARAWAY, J.
This dispute concerns a worker’s compensation claim arising out of the hiring of the plaintiff as an independent contractor. The plaintiffs claim must rest upon the manual labor exception to the independent contractor rule under the Worker’s Compensation Act. The defendants challenged the claim as premature based upon an arbitration provision in the parties’ contract. The worker’s compensation judge (“WCJ”) denied defendants’ exception of prematurity and the defendants appeal. Finding that the parties’ contract did not provide for the arbitration of a worker’s compensation claim, we affirm the WCJ’s ruling.

Facts

Arthur James Russell, Jr., (“Russell”) filed this disputed claim for compensation with the Office of Workers’ Compensation (“OWC”), requesting wage benefits, disability status, and penalties, interest and attorney’s fees in connection with an alleged on-the-job accident. Russell alleged that he injured his back and leg after he lost his footing and fell on the trailer portion of his tractor-trailer rig while untarp-ing the load during the early morning of August 16, 2001.
Russell alleged an employment relationship with TMT, Inc. (“TMT”), with whom he had entered an “independent contractor contract” dated May 9, 2001. The contract recited that TMT was a for-hire motor carrier and that “[Russell was] an independent contractor who is in the business of providing transportation service and is willing to assist TMT in providing that service.” The contract further stated, “[t]his contract is not intended to | gcreate an employee/employer relationship between the [contractor] and TMT.”
Additionally, we note that a reference to worker’s compensation was set forth in the following provision of the contract:
Occupational accident insurance premium — If CONTRACTOR fails to provide TMT with proof of all states worker’s compensation coverage, TMT is authorized, at its sole discretion, to obtain an occupational accident policy for CONTRACTOR at a premium of One Hundred and Fifty Dollars ($150) per month. The premium will be charged and reflected on the first settlement of each month.
After the requisite initial mediation conference with the OWC, the issues were unresolved by the parties. Thereafter, TMT and its insurer, Clarendon National Insurance Company, were served through their attorney of record. They responded by urging a dilatory exception of prematurity based on the existence of an arbitration clause in the parties’ contract. The arbitration clause provided as follows:
Any claim, dispute, or controversy between the parties arising, directly or indirectly, under the Contract shall be submitted to the American Arbitration Association in Dallas, Texas for binding arbitration pursuant to the American Arbitration Association’s Rules. Neither party will be entitled to recover punitive or exemplary damages, damages for mental anguish or emotional distress or pain and suffering, or similar damages. Neither party will be entitled to recover attorney’s fees. This provision shall survive termination of the Contract.
At the conclusion of the hearing on the exception and immediately prior to overruling TMT’s exception, the WCJ noted that the inclusion of the above quoted lan *1198 guage prohibiting recovery of punitive damages, damages for mental anguish, and the recovery of attorney’s fees by either party, conflicted with provisions of the worker’s compensation law under which an independent contractor may be afforded benefits, penalties and ^attorney's fees. Because of this conflict, the WCJ found that Russell’s alleged remedies under the facts of the case were grounded in the worker’s compensation law and denied the exception.
Thereafter, TMT moved for reconsideration of the WCJ’s ruling based on its waiver of the contractual limitations on recovery of damages and attorney’s fees. The WCJ denied TMT’s motion to reconsider, whereupon TMT requested thirty days within which to apply for supervisory writs from this court. Upon the application, this court granted its application as the equivalent of an appeal of an interlocutory ruling under La. C.C.P. art.2083.

Discussion

The parties’ contract purports to create an independent contractor relationship between Russell and TMT. While Section 1021(6) of the Worker’s Compensation Act (“the Act”) provides that independent contractors are excluded from the Act’s coverage, the provision also lists an exception to that rale for those independent contractors who spend a substantial part of their work time performing manual labor. La. R.S. 23:1021(6); Moreno v. Simonton, 33,854 (La.App.2 Cir.12/20/00), 779 So.2d 887, writ denied, 01-0444 (La.4/20/01), 790 So.2d 634; Savoy v. Clark Directional Drilling Equip., 01-918 (La.App. 3d Cir.12/12/01), 801 So.2d 610; Fleniken v. Entergy Corp., 00-1824 (La.App. 1st Cir.2/16/01), 780 So.2d 1175, writs denied, 01-1268, 01-1305, 01-1317 (La.6/15/01), 793 So.2d 1250, 1253, 1254. Whether the manual labor exception applies and provides coverage under the Act is the threshold issue for the OWC to decide in this case. Riles v. Truitt Jones Const., 94-1224 (La.1/17/95), 648 So.2d 1296; Guillory v. Overland Express Co., 01-419 (La.App. 3d Cir.10/3/01), 796 So.2d 887; Mullen v. R.A.M. Enterprises, 02-1157 (La.App. 1st Cir.3/28/03), 844 So.2d 376.
The Louisiana Arbitration Law (“LAL”) provides that “a provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract ... shall be valid, irrevocable and enforceable.” La. R.S. 9:4201 (emphasis supplied). We note that the LAL expressly states that it shall not apply to “contracts of employment of labor.” La. R.S. 9:4216. Likewise, the Worker’s Compensation Act provides in Section 1033 that no contract shall operate to relieve the employer from any liability created by the Act. La. R.S. 23:1033.
Although these statutory provisions do not directly address the arbitration issue presented by this agreement for an independent contractor relationship, they indicate to this court that the substantive coverage of the Act, which may have application in this case because of the statutory manual labor exception, may not be thwarted by the parties’ contract. Additionally, the arbitration provisions of the LAL appear concerned with controversies arising out of contracts, not those arising from the Act and related to the employment relationship.
Nevertheless, TMT argues that the contractual provision at issue is procedural and does not affect substantive rights under the Act, particularly in view of its waiver of the contract’s prohibition against penalties and attorney’s fees. In other words, TMT argues that the contract contains only a forum selection clause waiving Russell’s procedural rights before the OWC, but not his substantive rights under the Act. Since arbitration is 1 flavored in *1199 Louisiana and since freedom of contract exists beyond any limitation in the LAL, TMT insists that a contractual forum selection provision should be enforceable for arbitration of worker’s compensation claims in Louisiana.
While our Civil Code provides for contractual freedom under Article 1971, “persons may not by their juridical acts derogate from laws enacted for the protection of the public interest.” La. C.C. art. 11. Specifically dealing with conventional obligations, Article 1968 provides:
The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy.
Prior to the enactment of the Federal Arbitration Act[1] in 1925, the legal system nationally did not favor nonjudicial dispute resolution. See, Thomas E. Carbonneau, Arbitral Justice: The Demise of Due Process in American Law, 70 Tul.L.Rev.1945 (1996). At the same time, Louisiana enacted special legislation which eventually led to the current LAL. See, Acts 1928, No. 262. The provisions on arbitration which have always been contained in our Civil Code are narrow in their scope, arguably extending only to a “submission” to arbitrate an existing dispute. See, La. C.C. art. 3099, et seq. Additionally, the legislature has found it necessary to enact various statutes, including the LAL, specifically allowing arbitration. See, e.g., La. R.S. 38:2314.1; La. R.S. 40:1299.47; La. R.S. 3:855; and La. R.S. 37:381(5). Thus, there is significant question whether, in the absence of the LAL or other statutory enumeration in favor of arbitration, the parties’ freedom of contract allows an arbi-tral provision for the nonjudicial | (¡resolution of future disputes arising from their contract. TMT’s argument goes even further in asserting that freedom of contract may allow for the arbitral resolution of the Act’s non-contractual obligations imposed by law despite the contrary implications of the LAL and the special adjudicatory system under the OWC. Nevertheless, we need not resolve the question of public policy which this argument raises in this case given the parties’ contract.
The contract in question expressly states that the parties did not intend for an employee/employer relationship to exist. It indicates that Russell would therefore be responsible for his own worker’s compensation insurance which would not be the obligation of TMT. While this agreement may be contrary to the Act to the extent that the manual labor exception is established, the parties clearly did not intend for worker’s compensation obligations to be applicable to their relationship. Most importantly, there is no express authority in the contract referring a worker’s compensation claim by Russell to arbitration. Even assuming that such provision would not offend public policy, we would require an express statement in the contract waiving Russell’s rights to adjudication before the OWC. Accordingly, we affirm the WCJ’s denial of TMT’s exception of prematurity. The case is remanded, and costs of appeal are assessed to appellant.
AFFIRMED AND REMANDED.
BROWN, C.J., concurs with written reasons.

. 9 U.S.C. § 1, et seq. TMT agrees that the federal law has no application in this case.